**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RICARDO GARZA RAMIREZ,<br><br>　　　　　Defendant. | No. CR00-4088-MWB<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*A. Standards Applicable To § 2255 Motions* . . . . . . . . . . . . . . . . . . . . 2
　　*B. Analysis Of Issues* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
　　　　*1. Standards for ineffective assistance of counsel* . . . . . . . . . . . 5
　　　　*2. Specific claims of ineffective assistance of counsel* . . . . . . . . 6
　　　　　　*a. Pretrial Investigation* . . . . . . . . . . . . . . . . . . 6
　　　　　　*b. Written plea agreement* . . . . . . . . . . . . . . . . . . 7
　　　　*3. Booker claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
　　*C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION AND FACTUAL BACKGROUND

The court has before it defendant Ricardo Garza Ramirez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant Ramirez was charged in a superceding indictment with conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine and marijuana, in violation of 21 U.S.C. § 846. Defendant Ramirez pleaded guilty to the conspiracy charge in the superceding indictment. He was subsequently sentenced to 327 months imprisonment on that charge. Defendant Ramirez appealed his conviction and sentence but his appeal was dismissed on a motion by the government pursuant to Eighth Circuit Rule 47A(b).

Defendant Ramirez then filed his current § 2255 motion in which he challenges the validity of his conviction and sentence on the following grounds: (1) that his counsel was ineffective in failing to conduct an adequate pretrial investigation of the government's witnesses against him; and, (2) that his counsel was ineffective in permitting him to plead guilty to the charged offenses without a written plea agreement. Defendant Ramirez subsequently filed a supplement to his § 2255 motion in which defendant Ramirez requests to be resentenced in light of the United States Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005).

## II. LEGAL ANALYSIS

### A. Standards Applicable To § 2255 Motions

The Eighth Circuit Court of Appeals has described 28 U.S.C. § 2255 as "the statutory analogue of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987). In *Poor Thunder*, the court explained the purpose of the statute:

> [Section 2255] provides a remedy in the sentencing court (as

> opposed to habeas corpus, which lies in the district of confinement) for claims that a sentence was 'imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'

*Id.* at 821 (quoting 28 U.S.C. § 2255). Of course, a motion pursuant to § 2255 may not serve as a substitute for a direct appeal, rather "[r]elief under [this statute] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 730 (1998); *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996), *cert. granted*, 118 S. Ct. 31 (1997); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) (citing *United States v. Frady*, 456 U.S. 152 (1982)). This rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. *United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews*, 114 F.3d at 113; *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997) (per curiam). A defendant may surmount this procedural default only if the defendant "'can show both (1) cause that excuses the default, and (2) actual prejudice from the errors asserted.'" *Matthews*, 114 F.3d at 113 (quoting *Bousley*, 97 F.3d at 287); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

3

## B. *Analysis Of Issues*

None of the claims defendant Ramirez has presented in his § 2255 motion were raised on direct appeal. Defendant Ramirez alleges that the reason for his failure to appeal these issues was ineffective assistance of counsel. The ineffective assistance of counsel may constitute "cause and prejudice" excusing the procedural default of his failure to assert the claim on direct appeal. *See Tokar v. Bowersox*, 198 F.3d 1039, 1051 (8th Cir. 1998), *cert. denied sub nom. Tokar v. Luebbers*, 531 U.S. 886 (2000); *Boysiewick v. Schriro*, 179 F.3d 616, 619 (8th Cir. 1999). Moreover, claims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Martinez-Cruz*, 186 F.3d 1102, 1105 (8th Cir. 1999) (reiterating that ineffective assistance of counsel claims are best presented in a motion for post-conviction relief under 28 U.S.C. § 2255); *United States v. Mitchell*, 136 F.3d 1192, 1193 (8th Cir. 1998) (noting ineffective assistance of counsel claims more properly raised in 28 U.S.C. § 2255 motion) (citing *United States v. Martin*, 59 F.3d 767, 771 (8th Cir. 1995) (stating ineffective assistance of counsel claims "more appropriately raised in collateral proceedings under 28 U.S.C. § 2255")); *United States v. Scott*, 26 F.3d 1458, 1467 (8th Cir. 1994) (declining to consider ineffective assistance of counsel claims raised for first time on direct appeal where claim not raised in a motion for postconviction relief pursuant to 28 U.S.C. § 2255). Thus, the underlying merits of Ramirez's claims lie in whether he can demonstrate ineffective assistance of his counsel. Therefore, the court will address Ramirez's specific claims after briefly reviewing the standards for a claim of ineffective assistance of counsel.

## 1. Standards for ineffective assistance of counsel

In order to prove a claim of ineffective assistance of counsel, a convicted defendant must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Furnish v. United States*, 252 F.3d 950, 951 (8th Cir. 2001) (stating that the two-prong test set forth in *Strickland* requires a showing that (1) counsel was constitutionally deficient in his or her performance and (2) the deficiency materially and adversely prejudiced the outcome of the case); *Garrett v. Dormire*, 237 F.3d 946, 950 (8th Cir. 2001) (same). Trial counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Indeed, "counsel must exercise reasonable diligence to produce exculpatory evidence[,] and strategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991). However, there is a strong presumption that counsel's challenged actions or omissions were, under the circumstances, sound trial strategy. *Strickland*, 466 U.S. at 689; *see Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (in determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .") (citing *Strickland*). With respect to the "strong presumption" afforded to counsel's performance, the Supreme Court specifically stated:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a

> particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (citations omitted).

To demonstrate that counsel's error was prejudicial, thereby satisfying the second prong of the *Strickland* test, a habeas petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The court need not address whether counsel's performance was deficient if the defendant is unable to prove prejudice. *Apfel*, 97 F.3d at 1076 (citing *Montanye v. United States*, 77 F.3d 226, 230 (8th Cir.), *cert. denied*, 117 S. Ct. 318 (1996)); *see also Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997) (observing "[w]e need not reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness."). The Supreme Court has stated that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

### 2. *Specific claims of ineffective assistance of counsel*
#### a. *Pretrial Investigation*

Defendant Ramirez alleges that his counsel was ineffective in failing to conduct a

thorough pretrial investigation into the government's case. As a result, defendant Ramirez argues that his counsel failed to challenge the drug quantities attributed to him in the Presentence Investigative Report ("PSIR") by his codefendants and two defendants in related cases, Todd Taylor and Allen Gonzalez. The flaw in defendant Ramirez's argument on this issue is that he does not indicate how he was prejudiced by his counsel's alleged failure to conduct a more thorough investigation into his codefendants, and Todd Taylor and Allen Gonzalez. Specifically, he does not assert what a more thorough investigation of these individuals would have revealed or how the material gleaned from a more thorough investigation would have been useful in challenging the drug quantities attributed to him in the PSIR. Since defendant Ramirez fails to satisfy the prejudice requirement of *Strickland*, this claim of ineffective assistance of counsel fails. Therefore, this part of defendant Ramirez's motion is **denied.**

### b. *Written plea agreement*

Defendant Ramirez also alleges that his counsel was ineffective in failing to provide him with a written plea agreement. Defendant Ramirez asserts that because he did not have a written plea agreement, he did not know the possible punishment to which he might be subjected. The record, however, does not support this argument. At his plea hearing, before United States Magistrate Judge Zoss, the following colloquy between Judge Zoss and defendant Ramirez, regarding defendant Ramirez's possible sentence, occurred:

> THE COURT: The court finds there is an adequate basis on this record at this time. Mr. Orozco, I have to let you know what the maximum statutory penalties are in this case. This would be the worst that could happen to you if you are convicted on Count 1. You could be sentenced to any or all of the following. You could be fined

7

>           $4,000,000,000, you could be sentenced
>           to a term of life imprisonment without the
>           possibility of parole, and you could be
>           ordered to have a period of supervised
>           release of life. You could get any or all
>           of those. In addition, there would be a
>           ten-year mandatory minimum. That
>           means you couldn't be sentenced to less
>           than ten years in prison and a minimum
>           period of supervised release of five years
>           in prison. Do you understand these
>           statutory penalties?
>
>    THE DEFENDANT:      Yes.

Plea Hearing Tr. at 22-23.[1]  Judge Zoss also explained to defendant Ramirez that his actual sentence would be determined by the court at the time of sentencing:

>    THE COURT:          The important thing for you to understand
>                        is that sentencing is up to Judge Bennett.
>                        He will decide what your sentence will
>                        be. And it really doesn't matter what Mr.
>                        Deegan predicts or Ms. O'Brien predicts
>                        or what the presentence report predicts,
>                        in the end Judge Bennett will make the
>                        final decision. And it is important for
>                        you to understand this. Don't plead
>                        guilty unless you are willing to accept the
>                        consequences of the sentence because you
>                        will not be able to withdraw your plea
>                        simply because you don't like the way the
>                        presentence report comes out. You'll not

---

[1] During the plea hearing, defendant Ramirez indicated to Judge Zoss that he went by the name Armando Orozco in Mexico. Judge Zoss subsequently addressed defendant Ramirez by that name.

> be able to withdraw your plea if you don't like what happens at the sentencing hearing. You will not be able to withdraw your plea if you get a sentence higher than what you expect or lower than what you expect. Do you understand that if you plead guilty it is a final act and you won't be able to change your mind later?
>
> THE DEFENDANT: Yes.

Plea Hearing Tr. at 29. Judge Zoss went on to explain the mandatory minimum sentence that defendant Ramirez was facing:

> THE COURT: Well, Mr. Orozco, the important thing for you to understand is that your sentence could be—currently could be all the way from ten years to life imprisonment, and anywhere in between that. And it probably can't go below ten years unless you would either qualify for the safety valve, which there are serious issues about this, or unless the government would file what is called a cooperation motion asking that you be sentenced to less than ten years. But you should understand that you could receive a sentence of all the way up to live in prison. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you understand that the judge cannot sentence you to less than ten years unless either you qualify for the safety valve or the government files a

9

>                     cooperation motion under 3553E? Do
>                     you understand that?
>
> THE DEFENDANT:     Yes.

Plea Hearing Tr. at 30-31.

Given Judge Zoss's complete and thorough review of defendant Ramirez's possible sentence, the court concludes that defendant Ramirez has not demonstrated that he was prejudiced by the fact that his counsel permitted him to plead guilty without a written plea agreement in this case. Because defendant Ramirez has not satisfied the prejudice requirement of *Strickland*, this claim of ineffective assistance of counsel also fails. Therefore, this part of defendant Ramirez's motion is **denied.**

### 3. *Booker claim*

In his supplement to his motion to vacate, set aside, or correct sentence, defendant Ramirez challenges the validity of his sentence under the United States Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). Defendant Ramirez contends that he should be resentenced under requirements of the United States Supreme Court's decisions in *Blakely* and *Booker*.

On January 12, 2005, the United States Supreme Court handed down its decision in *Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Court issued two separate majority opinions. *Id.* First, Justice Stevens, writing for the Court, held that the rule announced in *Blakely v. Washington*, 124 S. Ct. 2531 applied to the federal sentencing guidelines. *Booker*, 125 S. Ct. at 745. Justice Stevens's opinion was grounded on the premise that the federal sentencing guidelines were mandatory and imposed binding requirements on all sentencing judges. *Id.* at 749. The second majority decision, with Justice Breyer writing for the Court, invalidated two provisions of the Sentencing Reform Act of 1984 that had

10

the effect of making the Guidelines mandatory. *Id.* at 756. However, by its very terms, *Booker* states that it is to apply "to all cases on direct review." *Id.* at 769. The decision make no reference to cases on collateral review. Every federal court of appeals, including the Eighth Circuit Court of Appeals, to have considered the issue has held that *Booker* does not apply retroactively to cases on collateral review. *See Never Misses A Shot v. United States*, 413 F.3d at 781, 783 (8th Cir. 2005); *see also Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because this case was not pending on direct review when *Booker* was decided, the holdings of *Booker* would be inapplicable as a basis to attack the sentence here. *See Never Misses A Shot*, 413 F.3d at 783; *see also Lloyd*, 407 F.3d at 615-16; *Guzman*, 404 F.3d at 143-44; *Varela*, 400 F.3d at 868; *Price*, 400 F.3d at 845; *Humphress*, 398 F.3d at 857; *McReynolds*, 397 F.3d at 481. Therefore, this part of defendant Ramirez's motion is also **denied.**

### *C. Certificate Of Appealability*

Defendant Ramirez must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further

proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Ramirez's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). With respect to Ramirez's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III. CONCLUSION

Defendant Ramirez's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 31st day of March, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA